**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 25-76-DLB**

**DONALD R. MARTIN**                                                    **PETITIONER**

**VS.**                            **MEMORANDUM OPINION AND ORDER**

**WARDEN CHRISTOPHER ENTZEL**                                **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Petitioner Donald R. Martin is incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Martin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the Federal Bureau of Prisons' (BOP's) computation of his sentence. *See* Doc. # 1.

This matter is before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny Martin's petition without prejudice because it is plainly apparent from the face of his petition that he has not yet fully exhausted his administrative remedies. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).

Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with

1

the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.  If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, it is plainly apparent that Martin has not yet fully exhausted his administrative remedies.  Indeed, Martin filled out the portion of his form petition which indicates that he "did not exhaust the available administrative remedy process," and he explains that he is "concurrently filing all of [his] administrative remedies."  *See* Doc. # 1 at 7, para. C.  In other words, Martin is currently pursuing his administrative remedies, but he has not yet fully exhausted that process.  While Martin asks that the exhaustion process be waived because "requiring that process would be 'futile,'" he neither clearly explains why that would be the case nor identifies any legal authority that would allow him to bypass the administrative grievance process and immediately proceed with his § 2241 petition. Ultimately, in this situation, where a petitioner's failure to exhaust his administrative remedies is apparent from the face of the pleading itself, sua sponte dismissal is appropriate.  *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

Accordingly, it is **ORDERED** that:

(1)    Martin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED** without prejudice.  Martin may file a new habeas petition regarding the matter raised once he has fully exhausted his administrative remedies;

2

(2)     All pending motions are **DENIED** as moot;

(3)     This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(4)     The Court will enter a corresponding Judgment.

This 13th day of August, 2025.



Signed By:

*David L. Bunning*

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Martin 0-25-076 Memorandum.docx